IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| RICHARD KAREEM MOORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 121-139 |
| | ) | |
| RICHMOND COUNTY SHERIFF'S DEPT. | ) | |
| INVESITGATOR JAMES McQUAIG; and | ) | |
| INVESITGATOR MEGAN WEDDLE | ) | |
| INMAN, | ) | |
| | ) | |
| Defendants. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

_____

Plaintiff, a pretrial detainee at Charles B. Webster Detention Center in Augusta, Georgia, is proceeding *pro se* and *in forma pauperis* ("IFP") in this case filed pursuant to 42 U.S.C. § 1983.   Because Plaintiff is proceeding IFP, his amended complaint must be screened to protect potential defendants.  Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

I.    **SCREENING THE AMENDED COMPLAINT**

A.    **BACKGROUND**

Plaintiff names the following Defendants:  (1) Richmond County Sheriff's Department; (2) Investigator James McQuaig; and (3) Investigator Megan Weddle Inman.  (Doc. no. 4, pp. 1-

2.)  Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

On April 22, 2020, Investigator James McQuaig handcuffed and arrested Plaintiff.  (Id. at 5.)  Unnamed officers of the Richmond County Sheriff's Department and Investigator McQuaig proceeded to beat Plaintiff, to the point Plaintiff could not identify the officers involved.  (Id.)  The television show "Live Cops" recorded the interaction.  (Id.)  Plaintiff suffered a detached retina from the incident.  (Id.)

The officers then transported Plaintiff to the county jail for booking, however the nurse on site "would not accept Plaintiff in [his] condition and demanded [he] was taken to the emergency room."  (Id.)  Plaintiff was then taken to University Hospital in Augusta, Georgia.

Plaintiff filed grievances through the jail administration, however the responses informed Plaintiff this was an issue for the courts.  (Id. at 7-8.)  For relief Plaintiff seeks for dismissal of all his charges and $500,000.00 in punitive damages for his pain and suffering.  (Id. at 5.)

## B.    DISCUSSION

### 1.    Legal Standard for Screening

The amended complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief.  See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)."  Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (per curiam) (citing Mitchell v. Farcass, 112

F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the amended complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the amended complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*); Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*). However, this liberal construction does not mean that the Court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2.    Plaintiff Fails to State a Claim Against Richmond County Sherriff's Department

Richmond County Sherriff's Department is not a proper party because sheriff's departments are not legal entities capable of being sued.  See Herrington v. Effingham Cty. Sheriff's Office, CV 411-099, 2011 WL 2550464, at *1 (S.D. Ga. April 21, 2011) (citing Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir.1992)) ("However, [Plaintiff] cannot sue the sheriff's department because it is not capable of being sued."); Smith v. Dekalb Cty. Sheriff's Office, Civil Action No. 1:09-CV-2820-TWT, 2010 WL 308984, at *2 (N.D. Ga. Jan. 22, 2010) (same).  Further, appropriate parties for suit under § 1983 include "persons" who participated in the alleged violation.  See 42 U.S.C. § 1983 (subjecting only "persons" to liability); Ga. Insurers Insolvency Pool v. Elbert Cty., 368 S.E.2d 500, 502 (Ga. 1988) (limiting § 1983 liability to "(1) natural persons; (2) an artificial person (a corporation); and (3) such quasi-artificial persons as the law recognizes as being capable to sue") (quotations omitted).

### 3.    All Official Capacity Claims against James McQuaig and Megan Weddle Inman Are Barred

Plaintiff states he is suing Investigator McQuaig and Investigator Inman in their official capacities.  When an "arm of the State" is sued, the Eleventh Amendment "bars suits brought in federal court."  Manders v. Lee, 338 F.3d 1304, 1308 (11th Cir. 2003) (en banc) (citation omitted).  Georgia sheriffs act as arms of the state, and as previously explained by Chief United States District Judge J. Randal Hall, when performing official and authorized duties such as engaging in general law enforcement function or making an arrest under state-law, a member of the sheriff's department such as Defendants McQuaig and Inman are

4

entitled to Eleventh Amendment immunity in a § 1983 suit requesting money or other retrospective relief sought against them in their official capacity.  Frederick v. Brown, No. 113-176, 2015 WL 4756765, at *14 (S.D. Ga. Aug. 10, 2015) (collecting cases).  Therefore, Plaintiff's official capacity claims against Defendants for monetary relief fail as a matter of law and should be dismissed.

### 4.    Plaintiff Fails to State a Claim Against Investigator Megan Weddle Inman

Even if Plaintiff sought to sue Investigator Inman in her individual capacity, he has not connected her to any alleged constitutional violation.  The Eleventh Circuit has held that a district court properly dismisses a defendant where a prisoner, other than naming the defendant in the caption of the complaint, fails to state any allegations that associate the defendant with the purported constitutional violation.  Douglas v. Yates, 535 F.3d 1316, 1321-22 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.").  Thus, Plaintiff must describe how each individual participated in any alleged constitutional violation or other acts and omissions he claims to have caused him injury.

Here, although Plaintiff lists Investigator Inman as a named Defendant in his amended complaint, he only mentions she is an investigator employed by the Richmond County Sheriff's Department. While Plaintiff mentions he was unable to identify which officers participated in beating him, Plaintiff fails to mention whether Investigator Inman was even

present during the incident, and Plaintiff does not connect her to any alleged constitutional violation.  Therefore, she should be dismissed.

### 5.     The Court Should Abstain under the <u>Younger</u> Doctrine From Interfering With Plaintiff's Ongoing State Criminal Proceedings

To the extent Plaintiff requests relief in the form of his charges being dropped, this Court cannot grant relief under the abstention doctrine.  Plaintiff alleges after his arrest, Investigator McQuaig and other officers, proceeded to beat him.  Plaintiff suffered severe injuries from the suit, and seeks to have the charges against him dropped.

The charging decision is one that belongs to state authorities, and the question of whether a federal court should abstain from interfering with a state judicial proceeding under the principle of <u>Younger v. Harris</u>, 401 U.S. 37 (1971), must be considered in three parts: "first, do [the proceedings] constitute an ongoing state judicial proceeding; second, do the proceedings implicate important state interests; and third, is there an adequate opportunity in the state proceedings to raise constitutional challenges."  <u>31 Foster Children v. Bush</u>, 329 F.3d 1255, 1274 (11th Cir. 2003).  Furthermore, while <u>Younger</u> involved a federal suit seeking equitable relief in the form of an injunction of the ongoing state proceedings, <u>Younger</u> abstention extends to cases involving § 1983 claims for damages.  <u>See</u> <u>Boyd v. Georgia</u>, 512 F. App'x 915, 917-18 (11th Cir. 2013) (affirming dismissal without prejudice, pursuant to <u>Younger</u> abstention, of § 1983 complaint seeking monetary damages).

All three factors weigh in favor of abstention.  First, public records, attached hereto as Exhibit A, indicate the underlying criminal proceedings are ongoing.[1]  Public records

---

[1] <u>See United States v. Rey</u>, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987) (confirming courts

confirm what the complaint implies; i.e., the state proceeding is ongoing.  Cf. Steffel v. Thompson, 415 U.S. 452, 462 (1974) ("When no state criminal proceeding is pending at the time the federal complaint is filed, federal intervention does not result in . . . disruption of the state criminal justice system. . . .").  Second, the state proceeding implicates an important state interest in criminally prosecuting felony offenses.  Absent "extraordinary circumstances," federal courts should not intervene in state criminal prosecutions.  Younger, 401 U.S. at 45.

Third, Plaintiff has not established the state proceeding would fail to provide an adequate remedy for his federal claim.  See 31 Foster Children, 329 F.3d at 1279.  Indeed, Plaintiff can raise excessive force issues in the context of Fourth Amendment challenges in his criminal proceedings.  Thus, Plaintiff has not satisfied his burden of showing the state proceeding cannot provide an adequate remedy for his claims.

For these reasons, the Court should abstain under Younger, and this case should be dismissed without prejudice.  See Jackson v. Georgia, 273 F. App'x 812, 813-14 (11th Cir. 2008) (affirming sue sponte dismissal due to Younger abstention); Smith v. Mercer, 266 F. App'x  906, 908 (11th Cir. 2008) (noting that "[a] dismissal pursuant to the Younger doctrine is without prejudice, and does not preclude later re-filing of the complaint").

## II.    CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** the Richmond County Sherriff's Office and Investigator Megan Weddle Inman be dismissed from this case, and Plaintiff's claims against Investigator James McQuaig in his official capacity and

may take judicial notice of records from other courts).

claims for his state charges to be dropped be dismissed for failure to state a claim upon which relief may be granted.  In a companion Order, the Court has allowed to proceed Plaintiff's § 1983 claim for excessive force against Investigator McQuaig in his individual capacity.

SO REPORTED and RECOMMENDED this 28th day of October, 2021, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA