IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| RICHARD KAREEM MOORE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 121-139 |
| ) | |
| INVESTIGATOR JAMES McQUAIG, ) | |
| ) | |
| Defendant. ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Plaintiff commenced the above-styled civil action pursuant to 42 U.S.C. § 1983. He is *pro se* and is currently proceeding *in forma pauperis* ("IFP"). The Court has been informed its last Order entered in this case on March 24, 2022, has been returned; Plaintiff is no longer located at the address he has on file with the Court. (See doc. no. 20.)

Because Plaintiff is proceeding IFP, the Court screened his amended complaint to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*). On October 28, 2021, the Court directed service of process on Defendant McQuaig based on Plaintiff's allegations of use of excessive force. (See doc. no. 6.) In that October 28th Order, the Court directed Plaintiff to immediately inform the Court and opposing counsel of any

2

change of address and warned Plaintiff failing to do so would result in dismissal of the case.[1] (Id. at 4.) The October 28th order also informed Plaintiff of his duty to cooperate fully in any discovery initiated by Plaintiff and his failure to do so could result in dismissal of this case. (Id. at 4-5.) Finally, the October 28th order explained Plaintiff must pursue his case, and a failure to do so could result in dismissal under Federal Rule of Civil Procedure 41 and Local Rule 41.1. (Id.)

Defendant filed his answer on March 23, 2022, and the Clerk issued a Scheduling Notice setting case deadlines. (See doc. nos. 18, 19.) The scheduling notice was returned to the court as undeliverable on April 12, 2022, due to the recipient no longer being held at the address. (See doc. no. 20.) In fact, the Charles B. Webster center no longer lists Plaintiff as an inmate incarcerated there.[2] (See doc. no. 23-2.) Plaintiff has not provided an updated address to the Court.

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Ala. Dep't of Human Res., 298 F. App'x 862, 863 (11th Cir. 2008) (*per curiam*) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority: Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge

---

[1]The Court first informed Plaintiff of the requirement for keeping his address current with the Court in an order dated September 14, 2021. (See doc. no. 3, p. 3.) That order also warned Plaintiff his case would be dismissed if he failed to do so. (Id.)

[2]appweb2.augustaga.gov/InmateInquiry/Disclaimer.aspx

3

may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] [w]illful disobedience or neglect of any order of the Court; or [a]ny other failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1 (b) & (c).  Finally, dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a plaintiff has failed to comply with a court order, "especially where the litigant has been forewarned."  Owens v. Pinellas Cnty. Sheriff's Dep't, 331 F. App'x 654, 655 (11th Cir. 2009) (*per curiam*) (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)).

Here, Plaintiff's failure to keep the Court informed of his address is a direct violation of the Court's October 28th Order and saddles the Court with a stagnant case in which no communication with Plaintiff seems possible.  Plaintiff was warned that noncompliance could result in dismissal of his case.  This is precisely the type of neglect contemplated by the Local Rules.  The Court also finds that the imposition of monetary sanctions is not a feasible sanction because Plaintiff is proceeding IFP.  Therefore, dismissal for want of prosecution is appropriate.

The Court recognizes that Plaintiff is proceeding *pro se* and acknowledges that courts have voiced a dislike for the harshness of dismissing a *pro se* case with prejudice prior to an adjudication on the merits.[3]  See, e.g., Cordes v. Chipi, 773 F. App'x 551, 552-53 (11th Cir. 2019) (*per curiam*); Gormley v. Nix, No. 04-12374, 2005 WL 2090282, at *3-4 (11th Cir. Aug. 31, 2005) (*per curiam*); Dickson v. Ga. State Bd. of Pardons & Paroles, No. 1:06-CV-

---

[3] Unless the Court specifies otherwise, a dismissal for failure to prosecute operates as an adjudication on the merits.  See Fed. R. Civ. P. 41(b).

4

1310-JTC, 2007 WL 2904168, at *6 (N.D. Ga. Oct. 3, 2007).  Thus, the Court is simply recommending dismissal without prejudice until such time as Plaintiff is willing to file his case and pursue it.  Accordingly, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** without prejudice and all pending motions be terminated.

SO REPORTED and RECOMMENDED this 25th day of April, 2022, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA